# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

| | |
|---|---|
| MCKESSON GLOBAL SOURCING LIMITED, an active foreign private limited company,<br><br>Plaintiff,<br><br>vs.<br><br>M.C. JOHNSON CO., INC., a Florida profit corporation, dba PRIVATE LABEL MEDICAL, and aka M.C. JOHNSON COMPANY, INC.,<br><br>Defendant. | Case No. |

# COMPLAINT

Plaintiff McKesson Global Sourcing Limited, by its undersigned counsel, as and for its Complaint, against Defendant M.C. Johnson Co., Inc. ("Defendant"), alleges as follows:

# PARTIES

1. Plaintiff McKesson Global Sourcing Limited ("Plaintiff") is an active foreign private limited company incorporated and registered in England and Wales with its corporate headquarters and principal place of business at

C/O Tmf Group 8th Floor, 20 Farringdon Street, London, United Kingdom, EC4A 4AB. Plaintiff was previously known as McKesson Global Sourcing UK Limited.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant M.C. Johnson Co., Inc., a Florida profit corporation ("Defendant") was, at all times relevant herein, and is a Florida profit corporation, with a principal place of business at 8801 Business Park Drive, Suite 201, Fort Myers, Florida 33912.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant does business as Private Label Medical and is also known as M.C. Johnson Company, Inc.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant entered into contracts on its own behalf and for its benefit in the name of M.C. Johnson Co., Inc. dba Private Label Medical and M.C. Johnson Company, Inc.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business in this Judicial District, resides in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

7. Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and a substantial part of property that is the subject of the action is situated in this Judicial District.

## FACTUAL ALLEGATIONS

8. Plaintiff is in the business of purchasing and distributing medical device products manufactured by others including to its U.S. based customer, Cypress Medical Products, LLC ("Cypress").

9. Defendant is a manufacturing and distribution company that manufacturers and distributes medical device products and contracts with companies, like Plaintiff, to distribute those products through all major distribution channels in the United States including to national and regional wholesalers.

10. On or about March 24, 2020, Plaintiff entered into an agreement with Defendant wherein Plaintiff agreed to purchase from Defendant, and Defendant agreed to supply to Plaintiff, N95 masks with delivery of the N95 masks to occur in separate shipments throughout the year.

11. Defendant required that Plaintiff deposit monies in advance of delivery of any N95 masks with Defendant so that Defendant could pay for the raw materials necessary to manufacture the N95 masks.

12. Defendant agreed to refund to Plaintiff any deposits provided by Plaintiff that were not used because Defendant could not provide product or otherwise fulfill its commitment.

13. Plaintiff transferred the deposit funds from its account to Defendant by wire as set forth on the following schedule:

| Date Deposit Wired to Defendant | Deposit Amount |
|---|---|
| 3/25/2020 | $ 642,600 |
| 3/27/2020 | $ 960,000 |
| 5/1/2020 | $ 378,750 |
| **Deposit Total:** | **$ 1,981,350** |

14. Defendant delivered four shipments of N95 masks directly to Plaintiff's customer, Cypress, per Plaintiff's instructions. The four shipments of N95 masks totaled $1,264,744. Below is a chart which sets forth the date of each invoice of N95 masks to Plaintiff, the invoice amount, Defendant's invoice number and Plaintiff's purchase order number. A true and correct redacted copy of each invoice is attached hereto as **Exhibits 1 to 4**:[1]

---

[1] Confidential information has been redacted from the Exhibits attached to this Complaint.

| Invoice Date | Invoice Amt. | Def. Invoice # | Purchase Order # |
|---|---|---|---|
| 5/18/20 | $ 287,516 | 00003667 | 1004722 |
| 5/28/20 | $ 286,700 | 00003729 | 1004723 |
| 6/18/20 | $ 344,040 | 00003727 | 1004724 |
| 6/30/20 | $ 344,040 | 00005001 | 1004725 |
| | $ 2,448 | | Shipping Cost ($816 x 3) |
| **Invoice Total:** | $ 1,264,744 | | |

15. In or around June 2020, Defendant notified Plaintiff that the Chinese factory that it was sourcing the N95 masks from was purchased by a Chinese investment firm who wished to increase the price during the Covid Pandemic. As a result, Defendant notified Plaintiff that the cost of the N95 masks was going to increase.

16. Shortly thereafter, the parties mutually and amicably agreed to terminate the agreement due to, in part, the increase in costs.

17. The parties worked together to reconcile the accounting for the transactions that were completed.

18. Since Plaintiff had deposited $1,981,350 with Defendant, Defendant took that deposit amount and applied it to pay in full the $1,264,744 in outstanding Invoices for the shipped N95 masks as well as shipping costs.

19. On or about June 19, 2020, Defendant refunded the unapplied and remaining deposit amount of $716,606 to Plaintiff (the "Refunded Deposit"). At that time, Plaintiff had no obligation to make any future payments to Defendant and Defendant had no obligation to deliver N95 masks to Plaintiff.

The transaction was canceled and over and the parties had no other business transactions pending with each other.

20. In or around this same time, Plaintiff made changes to its existing accounts payable system and responsible personnel. Due to those system and personnel changes, as well as errors in the internal allocation of the deposits in the accounts payable system, the invoices related to the purchase orders numbers 1004723, 1004724 and 1004725 (collectively referred to herein as the "Invoices") and accompanying shipping costs, which had already been paid in full were inadvertently displayed as unpaid in the accounts payable system. Moreover, it appears that a portion of the Refunded Deposit in the amount of $337,836 was also reflected as unpaid in the accounts payable system.

21. As a result, Plaintiff mistakenly tendered via electronic fund transfer a total of $1,314,964 to Defendant in four separate overpayments as set forth below (collectively referred to herein as the "Overpayment"). In other words, Plaintiff double paid the Invoices and repaid a portion of the Refunded Deposit:

| Overpayment Date | Overpayment ($) | Overpayment Description |
|---|---|---|
| 7/3/2020 | $337,736 | Repayment of Deposit |
| 7/21/2020 | $287,516 | Double Payment of Invoice |
| 8/6/2020 | $344,856 | Double Payment of Invoice |
| 8/20/2020 | $344,856 | Double Payment of Invoice |
| **Total Overpayment:** | **$1,314,964** | |

22. Plaintiff did not realize the Overpayment had occurred until March 2021 when it performed an accounting reconciliation and reached out to Defendant to investigate the discrepancy.

23. Plaintiff advised Defendant of its error, and requested that Defendant return the funds and reimburse Plaintiff for the erroneous Overpayment in the amount of $1,314,964.

24. To date, Defendant has willfully failed and refused to return any funds to Plaintiff and to reimburse Plaintiff for the erroneous Overpayment in the amount of $1,314,964.

25. Defendant does not dispute that an Overpayment occurred but claims that it was entitled to keep the Overpayment and use those funds as a setoff against amounts allegedly owed to Defendant by another entity named McKesson Medical-Surgical Inc. ("MMS"), which is a separate legal entity from Plaintiff and who had no involvement with Plaintiff's purchase of N95 masks from Defendant.

26. Defendant has stated that its dispute with MMS arose on September 25, 2020 when MMS allegedly wrongfully canceled its purchase orders with Defendant for hand sanitizer. This alleged cancelation was well after the inadvertent Overpayment by Plaintiff and long after Defendant knew or should have known that there were no debts owed to Defendant by Plaintiff and that Defendant was required to return the Overpayment to Plaintiff.

27. Defendant's application of the Overpayment funds to the alleged debt claimed to be owed by MMS to Defendant was done without Plaintiff's knowledge, consent or authorization and relates to an alleged debt that Plaintiff has no obligation to pay.

28. Plaintiff has repeatedly explained to Defendant that it is a separate and distinct legal entity from MMS and that there is no basis for Defendant to apply the Overpayment by Plaintiff to the debt of a separate legal entity which has no connection to, or relationship with, the transaction between Plaintiff and Defendant.

29. All conditions precedent and subsequent to the liability of the Defendant to the Plaintiff have been performed or have occurred.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

30. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 29, inclusive, of the Complaint as if those allegations were set forth herein.

31. This is a count for breach of contract.

32. On or about June 5, 2020, McKesson Corporation and its affiliates, which includes Plaintiff, and Defendant entered into an Electronic Payment Agreement ("EFT Agreement") providing Plaintiff with the option of paying for its purchases via electronic fund transfers from Plaintiff's financial institution

to Defendant's depository institution. A true and correct redacted copy of the EFT Agreement is attached hereto as **Exhibit 5**.

33. The EFT Agreement provides that "[i]n the event of a duplicate payment, overpayment, fraudulent payment, or payment made in error, [Defendant] agrees to immediately return any such payment to [Plaintiff], after [Plaintiff] provides reasonable information, documenting any such duplicate payment, overpayment, fraudulent payment, or payment made in error."

34. Plaintiff sent the Overpayment to Defendant via electronic fund transfers.

35. Plaintiff notified Defendant of the Overpayment - but Defendant has refused and failed to return the Overpayment to Plaintiff.

36. Plaintiff performed all of its obligations under the EFT Agreement except to the extent it was excused from doing so. All of the conditions precedent to Defendant's performance under the EFT Agreement were satisfied.

37. Defendant materially breached the EFT Agreement by, among other things, failing to return the Overpayment to Plaintiff.

38. Plaintiff has been damaged by these breaches in an amount of at least $1,314,964, plus interest.

## SECOND CLAIM FOR RELIEF

### (Conversion)

39. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 29, inclusive, of the Complaint as if those allegations were set forth herein.

40. This is a count for conversion of the specifically identifiable Overpayment funds by Defendant.

41. Defendant has caused the intentional and unauthorized exercise of dominion and control over the Overpayment funds Plaintiff erroneously paid to it by double paying the Invoices and repaying a portion of the previously Refunded Deposit, which funds Defendant was not authorized or entitled to retain in the amount of $1,314,964.

42. Defendant converted to its own use the Overpayment funds of $1,314,964 that was the property Plaintiff.

43. Defendant has wrongfully deprived Plaintiff of its property, the Overpayment funds of $1,314,964.

44. Having a right to possession of the $1,314,964 in Overpayment funds, Plaintiff made a demand to Defendant for the return of such funds.

45. Defendant has refused or failed to relinquish such Overpayment funds to Plaintiff.

46. Defendant intends to permanently deprive Plaintiff of its $1,314,964 in Overpayment funds.

47. Defendant is justly required to return the Overpayment funds Plaintiff erroneously tendered to it, in the principal amount of its $1,314,964 in Overpayment funds.

48. The conduct of Defendant was and is oppressive and malicious, in conscious disregard of the rights of Plaintiff herein. Plaintiff is therefore entitled to punitive damages against Defendant in an amount sufficient to punish Defendant and to deter future conduct of this type.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

### (Money Had And Received)

49. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 29, inclusive, of the Complaint as if those allegations were set forth herein.

50. This is a claim for recovery of monies paid by Plaintiff and received by Defendant as a result of a mistaken understanding of fact.

51. Plaintiff paid Defendant the Overpayment of $1,314,964 based upon mistaken or erroneous understandings of material fact.

52. Defendant did not have a right to the Overpayment as all of Plaintiff's obligations to Defendant were satisfied.

53. Defendant became indebted to Plaintiff for the $1,314,964 in money had and received by Defendant, which were otherwise for the sole and exclusive use and benefit of Plaintiff.

54. The money was not used for the benefit of Plaintiff and Defendant has failed and refused, and continues to fail and refuse, to pay the above sum to Plaintiff, despite demand therefore.

55. There is now due, owing, and unpaid from Defendant to Plaintiff the principal sum of not less than $1,314,964, together with interest from the date on which this indebtedness became due.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth in the Prayer for Relief below.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

56. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 29, inclusive, of the Complaint as if those allegations were set forth herein.

57. This is a count for unjust enrichment.

58. Defendant has been unjustly enriched at Plaintiff's expense.

59. Defendant has been unjustly enriched because it received an additional $1,314,964 which it was not entitled to receive, all at the expense of Plaintiff.

60. Defendant had knowledge of, accepted, and retained the benefit of the $1,314,964 Overpayment.

61. Plaintiff has been impoverished as a direct result of the enrichment of Defendant because Plaintiff has lost the amount of $1,314,964 as a result of the erroneous overpayment to Defendant, thereby establishing the connection between the enrichment and the impoverishment.

62. There is no justification for this enrichment and impoverishment, and it is unjust for the law to permit such an enrichment.

63. Should Plaintiff fail to prevail on its other claims for relief, there will be no other remedy at law to redress this unjust enrichment.

64. Plaintiff is therefore entitled to recover from Defendant the principal amount of $1,314,964, plus interest accruing at the legal rate until paid in full.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

### (Breach of Contract)

1. For damages in the sum of not less than the principal amount of $1,314,964, together with accrued unpaid interest, accruing interest, in amounts not yet determined, according to proof at time of trial or entry of judgment

2. For interest accruing on the principal amount at the legal rate from the date of each Overpayment until paid in full;

3. For Plaintiff's costs incurred herein;

4. For interest on Plaintiff's costs at the legal rate from the date of Judgment until paid in full; and

5. For such other and further relief as the Court deems just and proper under the circumstances.

### ON THE SECOND CLAIM FOR RELIEF

### (Conversion)

6. For damages in the sum of not less than the principal amount of $1,314,964, together with accrued unpaid interest, accruing interest, in amounts not yet determined, or in an amount sufficient to indemnify Plaintiff

for all loss naturally, reasonably and proximately resulting from the conversion, plus compensation for the time and money expended by Plaintiff in pursuit of the Overpayment, all according to proof at time of trial or entry of judgment;

7. For interest accruing on the principal amount at the legal rate from the date of each Overpayment until paid in full;

8. For Plaintiff's costs incurred herein;

9. For interest on Plaintiff's costs at the legal rate from the date of Judgment until paid in full;

10. For punitive damages; and

11. For such other and further relief as the Court deems just and proper under the circumstances.

## ON THE THIRD CLAIM FOR RELIEF

### (Money Had And Received)

12. For damages in the sum of not less than the principal amount of $1,314,964, together with accrued unpaid interest, accruing interest, in amounts not yet determined, according to proof at time of trial or entry of judgment

13. For interest accruing on the principal amount at the legal rate from the date of each Overpayment until paid in full;

14. For Plaintiff's costs incurred herein;

15. For interest on Plaintiff's costs at the legal rate from the date of Judgment until paid in full; and

16. For such other and further relief as the Court deems just and proper under the circumstances.

## ON THE FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

17. For damages in the sum of not less than the principal amount of $1,314,964, together with accrued unpaid interest, accruing interest, in amounts not yet determined, according to proof at time of trial or entry of judgment

18. For interest accruing on the principal amount at the legal rate from the date of each Overpayment until paid in full;

19. For Plaintiff's costs incurred herein;

20. For interest on Plaintiff's costs at the legal rate from the date of Judgment until paid in full; and

21. For such other and further relief as the Court deems just and proper under the circumstances.

/ / /

/ / /

/ / /

DATED: October 25, 2021         Respectfully submitted,

BUCHALTER
A Professional Corporation


By: /s/ Jason E. Goldstein – Trial Counsel
    Jason E. Goldstein, Esq.
    Fla.Bar.No. 526991
    BUCHALTER
    18400 Von Karman Avenue, Suite 800
    Irvine, California, 92612
    Tel: 949-760-1121
    Fax: 949-720-0182
    Email: jgoldstein@buchalter.com


*Attorneys for Plaintiff McKesson Global Sourcing Limited*