UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCKESSON GLOBAL SOURCING
LIMITED,

    Plaintiff,

v.                                                                                  Case No. 2:21-cv-782-JES-NPM

M.C. JOHNSON CO., INC.,

    Defendant/Third-Party Plaintiff,

v.

MCKESSON MEDICAL-SURGICAL INC.,

    Third-Party Defendant.

_____

**ORDER**

Before the court are third-party defendant McKesson Medical-Surgical Inc.'s (MMS) unopposed motion for leave to file under seal amended third-party complaint and certain exhibits under Local Rule 1.11(c) and (d) (Doc. 63) and MMS's motion for leave to file under seal unredacted motion to dismiss (Doc. 65).[1] MMS explains third-party plaintiff M.C. Johnson Co., Inc.'s amended third-party complaint (Doc. 58) and its exhibits contain placeholders—pursuant to Local Rule 1.11(d)—for

---

[1] MMS's motion (Doc. 65) fails to comply with Local Rule 3.01(g). However, since the motion is connected to its earlier unopposed motions to seal and the underlying references sought to be sealed pertain to the same highly confidential business terms, the motion will not be denied on this basis.

highly confidential, non-public business terms, and proprietary information. (Doc. 63). Thus, MMS asks the court for leave to file the amended third-party complaint and Exhibits 1 through 4, 6, and 8 to the amended third-party complaint under seal.[2] These exhibits consist of a McKesson Products Distribution Agreement, Amendment 1 to the McKesson Products Distribution Agreement, certain emails, and two invoices. (Docs. 58-1, 58-2, 58-3, 58-4, 58-6, 58-8). MMS submits that the confidential information in Exhibits 1 and 2 is so pervasive that redaction is not feasible and good cause exists to seal the agreements in their entirety. However, the emails and invoices in Exhibits 3, 4, 6, and 8 can be redacted. So, MMS requests **unredacted** versions of Exhibits 3, 4, 6, and 8 be filed under seal, but redacted versions may replace the current placeholders.

On May 12, 2022, MMS filed a redacted motion to dismiss M.C. Johnson's amended third-party complaint and to strike demands for attorneys' fees and consequential damages (Doc. 64). MMS seeks to file the **unredacted** motion to dismiss and strike under seal because it pertains to the same confidential information contained in the amended third-party complaint and exhibits. (Doc. 65).

The public has a common-law right of access to judicial proceedings and to inspect and copy public records and documents. *Chicago Trib. Co. v.*

---

[2] MMS does not seek to seal Exhibits 5 or 7 to the amended third-party complaint. (Doc. 63, p. 5; *see also* Doc. 63-7, ¶¶ 7, 9).

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "The public's [common-law] right of access to judicial proceedings and records applies to public pleadings filed on the docket, such as a complaint and exhibits to a complaint." *United States v. Lee Mem'l Health Sys.*, No. 2:14-cv-437-FtM-38CM, 2018 WL 5014534, *3 (M.D. Fla. Oct. 16, 2018) (citing *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013)).[3] This right also applies to motions and material filed with motions. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007), in which the Eleventh Circuit "reiterated that material 'filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access'"). And while the public has a presumptive common-law right of access, it is not absolute. *See Chicago Tribune*, 263 F.3d at 1311; *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

The common-law right of access may be overcome by a showing of good cause under Rule 26(c)'s balancing test. *See Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309). Rule 26(c)(1)(G) provides that a "court may,

---

[3] *Chicago Tribute* also explains the Constitutional right of access is more limited in the civil than in the criminal context. Materials gathered from the civil discovery process are generally not within the scope of the Constitutional right of access standard. So when a movant seeks public disclosure of discovery material, the standard is identical to that of Rule 26(c) and is subject to the discretion of the trial court. 263 F.3d at 1310. Since the movant here seeks to seal the amended third-party complaint and accompanying exhibits, the court analyzes the issue under the common-law right of access standard.

for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Although not expressly stated in the rule, "Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement." *Chicago Tribune*, 263 F.3d at 1313 (citing *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). This requires the court to balance the competing interests of the parties, or in some cases, third parties such as the press. *See Romero*, 480 F.3d at 1246; *Chicago Tribune*, 263 F.3d at 1313.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, MMS has shown good cause for filing certain documents under seal. As evidenced in the declaration of Jack Slagle,[4] the amended third-party complaint and most of its exhibits include confidential details about product pricing, finances, and

---

[4] Jack Slagle is the Vice President of Category Management at McKesson Medical-Surgical Inc. (Doc. 63-1 ¶ 1).

the manner in which MMS does business. MMS negotiates these confidential transaction terms with each individual supplier or vendor according to the distinct nature of each transaction, product, and supplier or vendor. Thus, these terms vary across all suppliers and vendors with whom MMS does business. MMS has a substantial privacy interest in the continued protection of this information, which includes trade secrets. MMS has consistently treated this information as a secret and taken steps to guard it, it is of substantial value to MMS, the information would be valuable to MMS's competitors, and the information "derives its value by virtue of the efforts of its creation and lack of dissemination." *In re Est. of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1366 (N.D. Ga. 2002).

Aspects that are not commercially sensitive have not been redacted. (Doc. 63-1 ¶¶ 19-20, 22, 24). Neither MMS nor M.C. Johnson are a public entity or official, and the amended third-party complaint and its exhibits do not contain information relating to or concerning public officials or matters of public concern. This litigation, and the information in the amended third-party complaint instead involves a contract dispute among private litigants over the return of overpayments and alleged unpaid M.C. Johnson invoices, which is of little public interest and weighs in favor of nondisclosure. Balancing the public's interest in access to information against MMS's interests in protecting its sensitive, confidential, proprietary, and trade secret

information, MMS has provided redacted versions for public filing. (Doc. 63-1 ¶ 25; Doc. 63-6; Doc. 65, pp. 12-16).

Accordingly, it is **ORDERED**:

1) Third-party defendant McKesson Medical-Surgical Inc.'s motions for leave to file under seal (Docs. 63, 65) are **GRANTED**. The *unredacted* versions of the amended third-party complaint and Exhibits 1, 2, 3, 4, 6, and 8 to the amended third-party complaint (Doc. 58) as well as the motion to dismiss amended third-party complaint and motion to strike (Doc. 64) will be filed **UNDER SEAL**.

2) McKesson Medical-Surgical Inc. shall deliver to the **Clerk's Office** an envelope with the caption of the case and an indication that the contents are to be filed **UNDER SEAL** pursuant to this order and include within the envelope a flash drive containing PDF files of the *unredacted* amended third-party complaint and its exhibits as well as the motion to dismiss and strike portions of the amended third-party complaint.

3) After the PDF files are docketed under seal, the Clerk may return the flash drive if MMS provides a postage-prepaid method to do so, or the Clerk may securely destroy the flash drive.

4) The Clerk is directed to remove and replace the amended third-party complaint filed as Document 58 with the proposed *redacted* amended

third-party complaint attached as Exhibit E to the Declaration of Jack Slagle filed in support of the motion ("Slagle Declaration") (Doc. 63-6);

5) The Clerk is directed to remove and replace the placeholder filed for Exhibit 1 to the amended third-party complaint as Document 58-1 with a single sheet reading "Exhibit 1 filed under seal pursuant to court order";

6) The Clerk is directed to remove and replace the placeholder filed for Exhibit 2 to the amended third-party complaint as Document 58-2 with a single sheet reading "Exhibit 2 filed under seal pursuant to court order";

7) The Clerk is directed to remove and replace the placeholder filed for Exhibit 3 to the amended third-party complaint as Document 58-3 with the proposed *redacted* Exhibit 3 which is attached to the Slagle Declaration as Exhibit A (Doc. 63-2);

8) The Clerk is directed to remove and replace the placeholder filed for Exhibit 4 to the amended third-party complaint as Document 58-4 with the proposed *redacted* Exhibit 4 which is attached to the Slagle Declaration as Exhibit B (Doc. 63-3);

9) The Clerk is directed to remove and replace the placeholder filed for Exhibit 5 to the amended third-party complaint as Document 58-5 with the *unredacted* Exhibit 5 that will be provided by McKesson Medical-Surgical Inc. (this exhibit will *not* be filed under seal);

10) The Clerk is directed to remove and replace the placeholder filed for Exhibit 6 to the amended third-party complaint as Document 58-6 with the proposed *redacted* Exhibit 6 which is attached to the Slagle Declaration as Exhibit C (Doc. 63-4);

11) The Clerk is directed to remove and replace the placeholder filed for Exhibit 7 to the amended third-party complaint as Document 58-7 with the *unredacted* Exhibit 7 that will be provided by McKesson Medical-Surgical Inc. (this exhibit will *not* be filed under seal); and

12) The Clerk is directed to remove and replace the placeholder filed for Exhibit 8 to the amended third-party complaint as Document 58-8 with the proposed *redacted* Exhibit 8 which is attached to the Slagle Declaration as Exhibit D (Doc. 63-5).

**ORDERED** on June 22, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE