```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

MCKESSON GLOBAL SOURCING
LIMITED, an active foreign
private limited company,

      Plaintiff,

v.                                        Case No: 2:21-cv-782-JES-NPM

M.C. JOHNSON CO., INC., a
Florida profit corporation,
dba PRIVATE LABEL MEDICAL,
and aka M.C. JOHNSON
COMPANY, INC.,

      Defendant/Third-
      Party Plaintiff,

v.

MCKESSON MEDICAL-SURGICAL,
INC.,

      Third-Party
      Defendant.

## ORDER

This case comes before the Court on review of third-party defendant McKesson Medical-Surgical, Inc.'s (MMS) Unopposed Motion for Reconsideration for Leave to File Under Seal Opposition to Motion to Dismiss/Strike First Amended Third-Party Complaint (Doc. #77) filed on July 14, 2022. The motion seeks relief from the Court's Order, issued on July 1, 2022, requiring third-party plaintiff M.C. Johnson Co., Inc. (MCJ) to file an unredacted

version of MCJ's response in opposition to MMS' motion to dismiss and strike because no party had moved to seal the opposition and the time for doing so had expired. (Doc. #75.)

Although MMS titles its motion as one for reconsideration, the Court construes it as an untimely motion to seal.[1] Specifically, MMS requests that the Court seal the unredacted opposition in its entirety. (Doc. #77 pp. 6-7.) MMS then provides a proposed version for the public docket, which redacts certain information from the opposition. (Doc. #77-2.)

The public has a common-law right of access to judicial proceedings and to inspect and copy public records and documents. Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).[2] "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune, 263

---

[1] MMS has demonstrated excusable neglect for failing to timely file and the Court finds good cause to consider the untimely motion.

[2] See also Local Rule 1.11(a) ("Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.")

F.3d at 1309); see also Local Rule 1.1 (filing under seal in a civil action). "Whether good cause exists is decided by the nature and character of the information in question." Id. (cleaned up).

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. (citations omitted).

The Court has reviewed the unredacted version and MMS' proposed redactions and finds that many of MMS' redactions are overbroad and lack a connection to confidential information. For example, MMS seeks to redact MCJ's entire damages analysis, which mostly consists of Virginia statutory and case law citations. (E.g., Doc. #76, pp. 10-13.) Also, although the agreement between the parties is appropriately sealed as confidential business information, MMS seeks to redact any sentence that mentions the agreement, regardless of whether the sentence discloses anything about the agreement.[3] MMS has not provided any reason, let alone

---

[3] For example, MMS wants to redact the sentence: "As an initial matter, there is no allegation in the 3PC that gives rise to a

a compelling justification to redact all it seeks to redact.  MMS has not shown good cause for disrupting the common-law right of access.

For the foregoing reasons, MMS' Unopposed Motion for Reconsideration for Leave to File Under Seal Opposition to Motion to Dismiss/Strike First Amended Third-Party Complaint (Doc. #77) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this   29th   day of July, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

plausible inference that McKesson Medical ever terminated the Agreement, much less for cause."  (Doc. #76, p. 7.)

4